## VILLAMIL v. HIRSCH.

(Circuit Court, S. D. New York. January 20, 22, 25, 1906.)

INJUNCTION—CORPORATE AFFAIRS—ENJOINING STOCKHOLDERS' MEETING—CONTROVERSY BETWEEN EXECUTORS OF MAJORITY STOCKHOLDER.

Where all of the stock of a corporation was owned by two persons, and after the death of the majority stockholder a legal controversy arose between his executors, in which one was temporarily enjoined from voting the stock, the minority stockholder is entitled to an injunction restraining the other also from voting the stock until the controversy is determined; but the court will, as a condition to such relief, protect the right of the majority stock by enjoining any stockholders' meeting for the election of officers pending the litigation between the executors.

In Equity. On motions to dismiss and to vacate temporary injunction.

See 138 Fed. 690.

Blandy, Mooney & Shipman, for complainants.

Blumenstiel & Blumenstiel, David McClure, and Albert C. Bostwick, for defendants.

LACOMBE, Circuit Judge. So far as the motion to dismiss is concerned, such progress seems to have been made in the proceedings for revivor that a further reasonable time should be allowed the successors of original complainant. As was stated when the restraining order was made, the sole object thereof was to preserve the status quo until final determination of the controversy as to administration of the Hirsch estate by the Surrogate's Court. Should the surrogate undertake by order or decree to remove one of the executors named in the will and substitute another person in his place, it is thought such a disposition of the case would be in excess of his power, and the probability of a reversal upon appeal would be so great as to warrant continuance of the restraining order until the surrogate's action should have been reviewed.

Counsel vehemently insist that the surrogate does not contemplate making any such order. This court, however, can infer his intentions only from the record. In his decision he says: "I concur in the very satisfactory opinion of the referee and will follow his recommendations." The report of the referee (or, rather, the copy thereof which has been furnished to this court) says:

"It is my opinion that the respondent's letters testamentary should be revoked and that he should be removed as trustee. It is also my opinion that a new trustee should be appointed in his place, who should not be either one of the children or the son-in-law of Mrs. Hirsch."

Under these circumstances it seems wiser for this court to defer action upon the present motion until the entry of an order or decree in the Surrogate's Court shall indicate precisely what disposition is to be made of the cause pending therein.

### (January 22, 1906.)

In the memorandum filed January 20th on motion to vacate restraining order, no reference was made to a point raised on the motion. It is suggested that the existing order not only prohibits a vote of the estate stock by the executrix, but also prohibits any election at all at stockholders' meeting. That is so; and such prohibition was included in the original order of the court's own motion. Such addition, however, was made, as the court believed, in the interest of the estate, which holds four-fifths of the stock. So long as the executor was enjoined from voting the estate stock by temporary injunction of the surrogate, and the executrix from voting the same stock by injunction of this court until final decision in the state court, it was thought that the result might be that at the stockholders' meeting the original complainant, Villamil, although holding only one-fifth of the stock, might poll the only votes castable and control the situation. It seemed that such a result would be inequitable, and therefore, at the same time that the restraining order he prayed for was granted, the additional clause was inserted in order to prevent his obtaining an unfair advantage. If, however, counsel for the executrix wishes to have that clause eliminated, so that election can be held on the adjourned date, leaving the Villamil shares free to vote by whoever holds them, such modification will be made, because, as has been repeated at every hearing, the only interest which this suit is brought to protect is the minority holdings of Villamil. The controversy between executor and executrix (both citizens of the same state) should not be determined here. It is before the state courts, and the only object of this suit is to preserve the status quo until it be there determined whether both of the testator's designated executors, or one, or neither, shall administer his estate, and in so doing vote on its stockholdings.

### (January 25, 1906.)

It now appears that, when this court filed memorandum in this cause on January 20th, the surrogate had finally decided the matter before him by entering a decree on January 19th removing the executor. That fact, however, was not communicated to this court

until yesterday afternoon. Upon taking up the papers this morning to dispose of the pending application, the court was further informed that the Appellate Division had granted a stay of all proceedings under said decree until the return day of an order to show cause on February 9th. That, of course, leaves the status quo unchanged. Under the circumstances the best disposition of the pending application will be to continue the present injunction "until further order of this court." When further action is had in the state court the matter may be again brought to the attention of this court.